IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| James C. Young and Tahnee R. Young,   )<br>                                          )<br>            Plaintiffs,              )<br>                                          )<br>      vs.                                )<br>                                          )<br>Midland Mortgage,                   )<br>                                          )<br>            Defendant.              )  | **ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>Case No. 3:23-cv-119 |

Plaintiffs James C. Young and Tahnee R. Young move for injunctive relief. Doc. 32. Defendant Midland Mortgage[1] ("MidFirst") opposes the motion. Doc. 34. For the reasons below, the motion is denied.

I.      **BACKGROUND**

This case involves a mortgage of real property in Fargo, North Dakota. On or about April 20, 2016, the Youngs executed a promissory note on the original principal amount of $275,793.00. The Mortgage Company, Inc. was the lender under the note, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee for the lender, its successors, and assigns. On or about July 21, 2023, MERS assigned the mortgage to MidFirst via an assignment of mortgage recorded the same day.

At the time of the assignment, the Youngs were current on their mortgage payments. Following the assignment, disputes arose as to the validity of the assignment and private mortgage

---

[1] Midland Mortgage is a division of MidFirst Bank.

insurance ("PMI"). See Doc. 1-15.[2] The Youngs then stopped making payments and sued to prevent MidFirst from collecting the debt related to the mortgage and for damages. Id.

This motion for injunctive relief concerns a letter from MidFirst to the Youngs dated September 5, 2023. See Doc. 32-3. The Youngs suggest MidFirst communicated that it intends to accelerate the loan and proceed with a foreclosure action (though the letter states MidFirst "may" accelerate the loan balance if payment is not received by October 10, 2023, and that the property "may" be sold at a foreclosure sale). Id. They move for injunctive relief to prevent any acceleration and foreclosure.

## II.     LAW AND ANALYSIS

Rule 65(a) of the Federal Rules of Civil Procedure authorizes district courts to grant preliminary injunctions. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). When considering a motion for preliminary injunction, courts weigh the four factors set forth in Dataphase Systems, Inc., v. C L Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (en banc). The Dataphase factors include: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. at 114. Likelihood of success on the merits is the most important factor. Brady v. Nat'l Football League, 640 F.3d 785, 789 (8th Cir. 2011). The burden to demonstrate the necessity of a preliminary injunction rests with the movant. General Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 316 (8th Cir. 2009).

---

[2] There are two complaints in the record. See Doc. 1-1; Doc. 1-15. The complaints are substantively the same, with the only difference being the date each complaint was signed.

A.     **Likelihood of Success on the Merits**

Given its status as the most important factor (see Brady, 640 F.3d at 789), the Court starts with likelihood of success on the merits. In evaluating likelihood of success on the merits, a district court should "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo.'" Calvin Klein Cosms. Corp. v. Lenox Lab'ys, Inc., 815 F.2d 500, 503 (8th Cir. 1987) (quoting Dataphase, 640 F.2d at 113). At this early stage, whether the movant will ultimately prevail is immaterial. PCTV Gold, Inc. v. SpeedNet, LLC, 508 F.3d 1137, 1143 (8th Cir. 2007). Instead, the movant need only show a "fair chance of prevailing." Planned Parenthood Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 732 (8th Cir. 2008) (en banc).

The Youngs allege five causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the Truth in Lending Act; (3) violation of the North Dakota Consumer Fraud and Deceptive Business Practices Act; (4) violation of the Fair Credit Reporting Act; and (5) violation of the Homeowners Protection Act. On this record, there is little chance of success on any of these claims.

First, the FDCPA only applies to "debt collectors." A "debt collector" under the FDPA is a third party who seeks to collect a debt for another party and not an entity that seeks to collect a debt owed to itself. See Henson v. Santander Consumer USA Inc., 582 U.S. 79, 81 (2017). As the assignee, MidFirst is seeking to collect a debt it owns, so the Youngs are unlikely to prevail on an FDCPA claim.

Second, the Truth in Lending Act requires a lender to provide certain disclosures to a borrower before credit is extended. 15 U.S.C. § 1638(b)(1). Here the complaint does not allege

3

that MidFirst ever extended credit to the Youngs. So, the Youngs appear unlikely to succeed on the merits of any Truth in Lending Act claim.

Next, the North Dakota Consumer Fraud and Deceptive Business Practices Act prohibits "any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise." N.D. Cent. Code § 51-15-02 (emphasis added). Nothing in the record indicates that MidFirst engaged in the sale or advertisement of merchandise. Moreover, a claim under North Dakota Century Code section 51-15-02 sounds in fraud, so particularity as to the alleged misrepresentation or falsity is required. See Kraft v. Essentia Health, No. 3:20-CV-121, 2020 WL 9749505, at *6 (D.N.D. Dec. 3, 2020). Here, no particularity or falsity is alleged. As a result, the Youngs appear unlikely to prevail on a North Dakota Consumer Fraud and Deceptive Business Practices Act claim.

Fourth, the Fair Credit Reporting Act requires consumer reporting agencies to adopt procedures which meet certain minimum standards. See 15 U.S.C. § 1681(b). A consumer may recover only upon a showing of willful or negligent failure to follow reasonable procedures. Hauser v. Equifax, Inc., 602 F.2d 811, 814 (8th Cir. 1979). Here, the Youngs have alleged MidFirst provided inaccurate information to credit reporting agencies. But they have not alleged what this information was, how doing so was willful or negligent, or how and why MidFirst's procedures were unreasonable. Again, the Youngs appear unlikely to succeed on the merits of a Fair Credit Reporting Act claim.

For their final claim, the Youngs allege that MidFirst violated the Homeowners Protection Act by not removing private mortgage insurance[3] from their Federal Housing Administration ("FHA") mortgage payments. But the record reflects that the Youngs' FHA loan was never subject to private mortgage insurance. So, the Youngs appear unlikely to succeed on the merits of this claim too.

In sum, at this stage of the litigation, the Youngs have not met their burden of establishing a likelihood of success on their claims against MidFirst. As a result, this Dataphase factor weighs against a preliminary injunction.

**B.      Remaining Factors**

The remaining factors are threat of irreparable harm, balance of harms, and public interest. To demonstrate a threat of irreparable harm, "a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Iowa Utils. Bd. v. Fed. Commc'ns Comm'n, 109 F.3d 418, 425 (8th Cir.1996). Here, the purported harm is the possibility of MidFirst accelerating the loan and potential foreclosure sale. This harm is neither certain nor imminent. See Bray v. Bank of Am., No. 1:09-CV-075, 2010 WL 749789, at *2 (D.N.D. Mar. 2, 2010) (potential foreclosure is not irreparable harm). So, the Youngs have not shown irreparable harm.

Next, the balance of harms considers the threat to each of the parties' rights that would result from granting or denying the injunction. Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1473 (8th Cir. 1994). MidFirst would be harmed by an injunction because it would be prevented

---

[3] Instead of PMI, FHA loans utilize a mortgage insurance premium ("MIP"). See Washington v. United States Dep't of Hous. & Urb. Dev., No. 16CV3948ENVSMG, 2019 WL 5694102, at *3 (E.D.N.Y. July 29, 2019). And, in any event, the FHA regulations govern MIP, not the Homeowners Protection Act. See 24 C.F.R. § 203.259.

from pursuing the money owed to it by the Youngs. Certainly nothing in the record indicates this debt is unlawful. On the other hand, the Youngs face the possibility of losing their home should MidFirst pursue foreclosure. So, on balance, this factor is neutral. The final factor is the public interest. On these facts, public policy strongly weighs in favor of MidFirst and counsel against an injunction.

### III.  CONCLUSION

Injunctive relief is an extraordinary remedy, and it is not warranted on the facts of this case. After careful review of the Dataphase factors, the motion for preliminary injunction (Doc. 32) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of October, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court