# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| James C. Young and Tahnee R. Young,  ) | |
| ) | Case No. 3:23-cv-119 |
| Plaintiffs,  ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs.  ) | **REGARDING MOTION FOR** |
| ) | **DEFAULT JUDGMENT** |
| Midland Mortgage,  ) | |
| ) | |
| Defendant.  ) | |

James Young and Tahnee Young (Youngs), proceeding pro se, filed a motion for default judgment based on an allegation Midland Mortgage (Midland) failed to timely answer the Youngs' complaint. (Doc. 19). Midland filed an opposition to the Youngs' motion for default judgment, alleging its answer was timely. (Doc. 23).

## Background

Midland is an Oklahoma financial institution engaged in the business of originating and servicing residential mortgage loans. (Doc. 1-1; Doc. 5). Midland is a division of Midfirst Bank. (Doc. 23). On April 20, 2016, The Mortgage Company, Inc., extended a loan to the Youngs in the amount of $275,793.00. (Doc. 1-1; Doc. 5). The complaint alleges that, in August 2022, Midland "acquired the alleged loan and started to service the loan." (Doc. 1-1, p. 2).

On April 20, 2023, the Youngs filed a complaint and a motion for default judgment against Midland in state court. Young v. Midland Mortgage, 09-2023-CV-01204, Index #1, 4 (Cass Cnty. April 20, 2023). On May 1, 2023, the state court denied the Youngs' motion for default judgment and later dismissed the case without prejudice upon the Youngs' request. Id. at Index #17, 20.

On June 2, 2023, the Youngs filed another complaint in state court, along with an ex parte motion for an injunction and a motion for default judgment. Young v. Midland Mortgage, 09-2023-CV-01770, Index #19 (Cass Cnty. June 23, 2023). The complaint "seeks relief and redress from Midland Mortgage for their violations of Federal and State law in connection with their wrongful attempt to collect a debt from [the Youngs]; and failure to remove PMI from the monthly payments." The complaint alleges claims under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692(g); the Truth in Lending Act (TILA), 15 U.S.C. § 1601; the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 s-2(a)(1)(B); the Homeowners Protection Act (HPA), 12 U.S.C. § 4902; and state law. (Doc. 1-1).

On June 15, 2023, the state court denied the Youngs' motions for an injunction and for default judgment. Young v. Midland Mortgage, 09-2023-CV-01770, Index #16 (Cass Cnty. June 15, 2023). (Doc. 1-14). The state court found the Youngs did not properly serve Midland and permitted them thirty days to file proof of valid service to avoid the complaint being dismissed. Id.

The Youngs filed proof of proper service on June 26, 2023. Id. at Index #28. On June 28, 2023, Midland filed a notice of removal to this court. (Doc. 1). On July 5, 2023, Midland answered the Youngs' complaint. (Doc. 5).

On August 10, 2023, the court held a scheduling conference, and a scheduling order was filed on August 16, 2023. (Doc. 14; Doc. 15). On August 17, 2023, the Youngs filed a motion for default judgment, a motion for summary judgment, and a motion for a hearing on both motions. (Doc. 19; Doc. 20; Doc. 21). On August 29, 2023, Midland filed a cross motion for summary judgment. (Doc. 25). The motions for summary judgment are pending.

**Law and Discussion**

Under Federal Rule of Civil Procedure 55(a), when a party has failed to plead or otherwise defend against a complaint and that failure is proven, the clerk must enter the party's default. Then, the moving party may seek entry of a default judgment under Rule 55(b)(1) or (2). The Eight Circuit has stated, "[T]he entry of default judgment is appropriate when a party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays. Default judgments are not favored by the law, and default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." Barthel v. Cobra Enters. of Utah Inc., No. 16-4176, 2017 WL 11577066, at *1 (D.S.D. Feb. 17, 2017).

The Youngs contend they are entitled to default judgment because Midland was properly served and failed to respond in a timely manner. (Doc. 19). In their motion, the Youngs claim they properly served Midland on June 19, 2023. Id. According to the state court docket, Midland was properly served on June 26, 2023. Young v. Midland Mortgage, 09-2023-CV-01770, Index #28 (Cass Cnty. June 26, 2023). On June 28, 2023, Midland filed notice of removal to federal court and filed an answer on July 5, 2023. (Doc. 1; Doc.5).

In general, under Federal Rule of Civil Procedure 12(a), a defendant must respond within twenty-one days after being served with a summons and complaint. Once a case has been removed to federal court, Federal Rule of Civil Procedure 81(c) states a defendant who did not answer before removal has twenty-one days after receiving the initial complaint, twenty-one days after being served with the summons, or seven days after the filing of the notice of removal, whichever is longer, to respond to a complaint.

3

Here, Midland did not answer before removal, therefore Rule 81(c) applies. The Youngs properly served Midland on June 26, 2023. Since Rule 81(c) permits a defendant to answer within twenty-one days after service, the time for Midland to file an answer began to run on June 26, 2023, the date of service. Twenty-one days after June 26, 2023, is July 16, 2023. Midland answered on July 5, 2023; therefore, Midland did not fail to timely answer the Youngs' complaint. Since Midland timely answered the Youngs' complaint, Midland did not fail to timely plead or otherwise defend against the complaint. It is **RECOMMENDED** that the Youngs' motion for default judgment, (Doc. 19), be **DENIED**. Because the parties' briefing adequately presents the issues, the motion for a hearing on the motion for default judgment should also be **DENIED**.

Dated this 26th day of October, 2023.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**[1]

Any objection to this Report and Recommendation must be filed with the Clerk of Court no later than **November 9, 2023**, in a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may result in forfeiture of the right to seek review in the Court of Appeals.

---

[1] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.